IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THOMAS PETRUZZELLA AND
JUDY PETRUZZELLA,

     Appellants,

v.                         Case No. 5D16-2877

CHURCH ON THE ROCK OF PALM COAST, INC.,

     Appellee.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Flagler County,
Scott C. Dupont, Judge.

Frederick C. Morello, of Frederick C.
Morello, P.A., Daytona Beach, for
Appellants.

Paul M. Eza and Michael L. Glass, of
Stone, Glass & Connolly, LLP,
Jacksonville, for Appellee.


PER CURIAM.

     Thomas and Judy Petruzzella, husband and wife plaintiffs below, timely appeal a

final summary judgment in favor of Church on the Rock of Palm Coast, Inc., defendant

below. The Petruzzellas contend that the trial court improperly applied the express

assumption of the risk doctrine in granting a summary judgment to the property owner in this trip and fall negligence case. We agree and reverse.

Thomas Petruzzella was a volunteer musician drummer and member of the Church on the Rock of Palm Coast, Inc. In May of 2011, he tripped on the bass player's unsecured cord and fell off the stage during a rehearsal. As a result of the fall, he sustained substantial injuries. The Petruzzellas filed suit against the property owner alleging that the Defendant was negligent for failing to maintain the premises in a reasonably safe condition; that the Defendant failed to correct a dangerous condition which the Defendant either knew or should have known of by using reasonable care, and his wife Judy Petruzzella's claim for loss of consortium. The Defendant answered the complaint by generally denying the allegations of negligence and raised the affirmative defense of contributory negligence on the part of Mr. Petruzzella. Discovery in the case revealed that Mr. Petruzzella had been a member of the church since 2008 and, beginning in 2009, served as a member of the Church's Praise Group. He performed on the Church's stage, either in rehearsal or during a service at least three to four times a week and, as a result, he was familiar with the various cords attached to the instruments that would be unsecured. Discovery further revealed that no person other than Mr. Petruzzella had ever been involved in any accident causing injury due to the cords being unsecured.

The Defendant moved for summary judgment, arguing that "[s]ummary judgment must be granted in favor of Defendant because Plaintiff Thomas Petruzzella knew of the alleged dangerous condition and willfully accepted the risk", asserting "[t]he condition itself was not concealed, but was open and obvious", that "Defendant breached no duty to Plaintiffs because Plaintiff Thomas Petruzzella's injuries were not in fact caused by any

flaw in the facility, as the facility had been previously used for years without any similar or related injuries", citing to various cases on negligence and the open and obvious doctrine, but no cases on the affirmative defense of assumption of the risk.

The Petruzzellas filed a response, alleging that their case was not pled as a failure to warn case, but as a failure to maintain the premises in a reasonable safe condition and that the open and obvious danger doctrine may discharge a landowner's duty to warn but does not discharge the landowner's duty to maintain the premises in a reasonably safe condition.

The Defendant filed a reply to the Petruzzellas' response, expressly asserting a new ground for summary judgment -- express assumption of the risk.[1]

Following a hearing on the matter, the trial court found that there were no material fact issues and that the Defendant was entitled to summary judgment based upon the express assumption of the risk, that Mr. Petruzzella was aware of the condition of the stage and either knew or should have known of the risk of tripping over the unsecured cords on the stage, yet continually, repeatedly, and expressly assumed the risk of performing on that stage over a two-year period up until and including the date of the accident.

The trial court's finding that Mr. Petruzzella expressly assumed the risk of performing on that stage is contrary to the law of Florida regarding express assumption of risk, implied assumption of risk, and principles of comparative negligence. In the case

---

[1] We note that the Defendant's reply is not the same thing as asserting an affirmative defense in a pleading; and that assumption of risk is an affirmative defense that must be properly pled in the answer pursuant to Florida Rule of Civil Procedure 1.110 (d), which was not done in this case.

3

of *Blackburn v. Dorta*, 348 So. 2d. 287 (Fla. 1977), and more recently, in *Mazzeo v. City of Sebastian*, 550 So. 2d 1113 (Fla. 1989), the Florida Supreme Court specifically discussed the continuing viability of the doctrine of assumption of risk following the rule of comparative negligence and whether the doctrine should be expanded beyond express contracts not to sue and injuries resulting from contact sports. The Court specifically found that the doctrine of express assumption of the risk should *not* be expanded beyond express contracts not to sue and injuries resulting from contact sports, that conduct characterized as implied secondary assumption of risk, which is unreasonable in nature, should be evaluated by the jury under the principles of comparative negligence. *Mazzeo*, 550 So. 2d at 1114-17. Here, given that no express contract or contact sport is involved, Mr. Petruzzella's conduct of repeatedly walking across a stage with unsecured electrical cords on it is properly characterized as an implied assumption of risk that must be evaluated by the jury under principles of comparative negligence. Accordingly, the summary judgment in favor of the Defendant, Church on the Rocks of Palm Coast, Inc., is reversed, and the matter is remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EVANDER and LAMBERT, JJ., and JACOBUS, B.W., Senior Judge, concur.

4